IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
SEP 1 6 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DIANE ROBERTS, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| SIDLEY AUSTIN BROWN & WOOD, LLP, | ) |
| Defendant. | ) |

JUDGE RONALD GUZMAN

**05C 5345**

MAGISTRATE JUDGE SCHENKIER

### VERIFIED COMPLAINT

NOW COMES the Plaintiff, DIANE ROBERTS, and complains against the Defendant, SIDLEY AUSTIN BROWN & WOOD, LLP, as follows:

1.  This is a proceeding for declaratory and injunctive relief and damages to redress the deprivation of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII") and under 42 U.S.C. §1981 ("Section 1981").

### JURISDICTION AND VENUE

2.  Jurisdiction of this court is invoked pursuant to Title VII, 42 U.S.C. §2000e-5, 42 U.S.C. §1981 and §1981(a) as well as 28 U.S.C. §§1337 and 1343.

3.  Defendant further constitutes an "employer" within the meaning of Title VII, 42 U.S.C. §2000-(b), based on its engagement in an industry affecting commerce and its employment of fifteen (15) or more employees for each work day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

4.  Prior to filing this civil action, the named Plaintiff timely filed written charges under oath asserting employment discrimination with the Equal Employment Opportunity

Commission ("EEOC") (Exhibit A). Plaintiff received a notice of Right to Sue (Exhibit B).

5. Plaintiff timely filed this action in federal court.

6. The unlawful employment practices stated herein were, in part, committed within the Northern District of Illinois. Accordingly, venue thus lies within this judicial district under 28 U.S.C. §1391(b). Venue further lies within this judicial district under 28 U.S.C. §1391(c), since Sidley Austin Brown & Wood, LLP does business in this judicial district.

## THE PARTIES

7. Plaintiff, DIANE ROBERTS, is a resident of the Village of Maywood, Cook County, Illinois, and lives within this judicial district.

8. Defendant SIDLEY AUSTIN BROWN & WOOD, LLP (hereinafter, "SIDLEY AUSTIN") is an Illinois corporation and does business in the City of Chicago and was plaintiff's employer during the relevant period giving rise to this cause of action.

9. SCOTT LASSAR [hereinafter, "LASSAR"] was a Partner with SIDLEY AUSTIN during the relevant period giving rise to this cause of action.

10. MARJORIE A. PELSZYNSKI was the Secretarial Manager with SIDLEY AUSTIN during the relevant period giving rise to this cause of action.

## ALLEGATIONS

11. The named Plaintiff, DIANE ROBERTS, is asserting claims for discrimination on the basis of race, color, age, and sex, [female] under Title VII and 42 U.S.C. §1981, and intentional infliction of emotional distress.

2

12. Plaintiff is black and a minority, and, therefore, belongs to a protected group. She has always performed her jobs satisfactorily and continued to perform her jobs satisfactorily.

13. SIDLEY AUSTIN has engaged in a pattern and practice of discrimination. Furthermore, SIDLEY AUSTIN has engaged in a practice of intimidation which, on information and belief, has had the effect of making additional people more reluctant to come forward with complaints.

14. The working conditions of this Plaintiff at SIDLEY AUSTIN are permeated with discrimination, ridicule and insult which have changed the conditions of Plaintiff's employment and created an abusive and hostile work environment for the Plaintiff.

15. Plaintiff was employed with SIDLEY AUSTIN as a Legal Secretary from March 1982 until September 15, 2004.

16. Plaintiff's performance was as good as that of PAUL D'JOCK (a white man) who is still employed by SIDLEY AUSTIN.

17. Plaintiff was constructively discharged because of her age, forty-nine (49) years; race, color, and sex, female.

18. On September 15, 2004, Defendant demoted Plaintiff without cause from the position of Legal Secretary to the position of a "Floater" [an entry level position] and denied that it was a demotion.

19. There was no reason or documentation given by LASSAR validating his reason for Plaintiff's demotion.

20. Plaintiff was demoted to the position of a "Floater" which position was given to PAUL D'JOCK [a white male who used to be a "Floater] with less experience, with

3

no litigation experience, and with less seniority in the law firm and the legal secretarial field.

21. PAUL D'JOCK who replaced the Plaintiff while on vacation, had his title changed to a "Legal Secretary" while Plaintiff's title was changed from a "Legal Secretary" to a "Floater".

22. Other white employees who are similarly situated as the Plaintiff, who went on vacation, have not been demoted to the position of a "Floater" from the position of "Legal Secretary" with the law firm.

23. Plaintiff complained to MARJORIE A. PELSZYNSKI, the Secretarial Manager, but nothing was done to remedy the situation up to the time of Plaintiff's departure from SIDLEY AUSTIN.

24. As a result of Defendant's discriminatory conduct, Plaintiff was constructively discharged from Defendant's employment.

25. The hostile work environment created by SIDLEY AUSTIN caused Plaintiff to have severe headaches, stress, emotional distress, loss of self-esteem and confidence, restlessness, fatigue, irritability, and insomnia for which Plaintiff is still under medical treatment.

26. Plaintiff sought medical treatments from JUDY LAW, MD [her family physician]; FE A. VELASCO, MD [her psychiatrist] and BILL HOVSEPIAN, PhD, CSADC [her Clinical Psychologist].

27. JUDY LAW, MD [her family physician]; FE A. VELASCO, MD [her psychiatrist] and BILL HOVSEPIAN, PhD, CSADC CSADC [her Clinical Psychologist] diagnosed Plaintiff was presenting generalized anxiety disorders, post traumatic stress

syndrome, and concluded that their analysis revealed that the elevations are related to stressful incidents at work.

### COUNT I
### TITLE VII
### RACE DISCRIMINATION

28. The Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 11-27 of the Complaint.

29. The Plaintiff, DIANE ROBERTS, has been subjected to different treatment on the basis of her race, black.

30. The claim is brought under Title VII, 42 U.S.C. §2000e et seq.

31. On September 15, 2004, Defendant demoted Plaintiff without cause from the position of Legal Secretary to the position of a "Floater" [an entry level position] and denied that it was a demotion.

32. There was no reason or documentation given by LASSAR validating his reason for Plaintiff's demotion.

33. Plaintiff was demoted to the position of a "Floater" which position was given to PAUL D'JOCK [a white male who used to be a "Floater"] with less experience, with no litigation experience, and with less seniority in the legal secretarial field.

34. PAUL D'JOCK who replaced the Plaintiff while on vacation, had his title changed to a "Legal Secretary" while Plaintiff's title was changed from a "Legal Secretary" to a "Floater".

35. Other white employees who are similarly situated as the Plaintiff have not been demoted to the position of a "Floater" from the position of "Legal Secretary" with the law firm.

5

36. As a result of Defendant's discriminatory conduct, Plaintiff was constructively discharged from Defendant's employment.

WHEREFORE, for the foregoing reasons, the Plaintiff, DIANE ROBERTS, respectfully requests that this court provide the following equitable and monetary relief:

   a. Advance this case on the docket, order a speedy hearing at the earliest practical book date and cause this case to be expedited in every possible way;

   b. Order a permanent injunction prohibiting the Defendant, SIDLEY AUSTIN, from further acts of discrimination;

   c. Award back pay, future earnings and reimbursement for income and fringe benefits to the present with applicable statutory interest;

   d. Award the costs of litigation including reasonable attorneys' fees and expert witness fees and expenses;

   e. Award judgment for compensatory damages;

   f. Award punitive damages;

   g. Enter an order requiring the Defendants to implement effective steps to eliminate and remediate race discrimination from the Defendant's organization;

   h. Grant such other relief as the Court deems equitable and just.

## COUNT II
## RACE DISCRIMINATION UNDER §1981

37. The Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 11-27 and 28-36 of the Complaint.

38. This claim is made under 42 U.S.C. §1981.

39. The Plaintiff is a member of a racial minority (black), a protected group under the law.

40. These acts were done intentionally.

41. Defendant's treatment of the Plaintiff denied her of the full and equal treatment of all laws for the security of persons and property "as is enjoyed by white citizens" in violation of 42 U.S.C. §1981.

WHEREFORE, for the foregoing reasons, the Plaintiff, DIANE ROBERTS, respectfully requests that this court provide the following equitable and monetary relief:

    a. Advance this case on the docket, order a speedy hearing at the earliest practical book date and cause this case to be expedited in every possible way;

    b. Order a permanent injunction prohibiting the Defendant, SIDLEY AUSTIN, from further acts of discrimination;

    c. Award back pay, future earnings and reimbursement for income and fringe benefits to the present with applicable statutory interest;

    d. Award the costs of litigation including reasonable attorneys' fees and expert witness fees and expenses;

    e. Award judgment for compensatory damages;

    f. Award punitive damages;

    g. Enter an order requiring the Defendant to implement effective steps to eliminate and remediate race discrimination and harassment from the Defendant's organization;

    h. Grant such other relief as the Court deems equitable and just.

## COUNT III
## AGE DISCRIMINATION

42. The Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 11-27, 28-36, and 37-42 of the Complaint.

43. The Plaintiff, DIANE ROBERTS, has been subjected to different treatment on the basis of her age, 49 years.

44. The claim is brought under Title VII, 42 U.S.C. §2000e et seq.

45. On September 15, 2004, Defendant demoted Plaintiff without cause from the position of Legal Secretary to the position of a "Floater" [an entry level position] and denied that it was a demotion.

46. There was no reason or documentation given by LASSAR validating his reason for Plaintiff's demotion.

47. Plaintiff was demoted to the position of a "Floater" which position was given to PAUL D'JOCK [a white male who used to be a "Floater"], who is in his 20s, with less experience, with no litigation experience, and with less seniority in the legal secretarial field.

48. PAUL D'JOCK who replaced the Plaintiff while on vacation, had his title changed to a "Legal Secretary" while Plaintiff's title was changed from a "Legal Secretary" to a "Floater".

49. Other white employees who are similarly situated as the Plaintiff have not been demoted to the position of a "Floater" from the position of "Legal Secretary" with the law firm.

50. As a result of Defendant's discriminatory conduct, Plaintiff was constructively discharged from Defendant's employment.

WHEREFORE, for the foregoing reasons, the Plaintiff, DIANE ROBERTS,

respectfully requests that this court provide the following equitable and monetary relief:

a. Advance this case on the docket, order a speedy hearing at the earliest practical book date and cause this case to be expedited in every possible way;

b. Order a permanent injunction prohibiting the Defendant, SIDLEY AUSTIN, from further acts of discrimination;

c. Award back pay, future earnings and reimbursement for income and fringe benefits to the present with applicable statutory interest;

d. Award the costs of litigation including reasonable attorneys' fees and expert witness fees and expenses;

e. Award judgment for compensatory damages;

f. Award punitive damages;

g. Enter an order requiring the Defendants to implement effective steps to eliminate and remediate race discrimination from the Defendant's organization;

h. Grant such other relief as the Court deems equitable and just.

## COUNT IV
## SEX [FEMALE]

51. The Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 11-27, 28-36, 37-42, and 43-50 of the Complaint.

51. The Plaintiff, DIANE ROBERTS has been subjected to different treatment on the basis of her sex, female.

52. The claim is brought under Title VII, 42 U.S.C. §2000e et seq.

53. On September 15, 2004, Defendant demoted Plaintiff without cause from the position of Legal Secretary to the position of a "Floater" [an entry level position] and

denied that it was a demotion.

54. There was no reason or documentation given by LASSAR validating his reason for Plaintiff's demotion.

55. Plaintiff was demoted to the position of a "Floater" which position was given to PAUL D'JOCK [a white male who used to be a "Floater"] with less experience, with no litigation experience, and with less seniority in the legal secretarial field.

56. PAUL D'JOCK who replaced the Plaintiff while on vacation, had his title changed to a "Legal Secretary" while Plaintiff's title was changed from a "Legal Secretary" to a "Floater".

57. Other white employees who are similarly situated as the Plaintiff have not been demoted to the position of a "Floater" from the position of "Legal Secretary" with the law firm.

58. As a result of Defendant's discriminatory conduct, Plaintiff was constructively discharged from Defendant's employment.

WHEREFORE, for the foregoing reasons, the Plaintiff, DIANE ROBERTS, respectfully requests that this court provide the following equitable and monetary relief:

a. Advance this case on the docket, order a speedy hearing at the earliest practical book date and cause this case to be expedited in every possible way;

b. Order a permanent injunction prohibiting the Defendant, SIDLEY AUSTIN, from further acts of discrimination;

c. Award back pay, future earnings and reimbursement for income and fringe benefits to the present with applicable statutory interest;

d. Award the costs of litigation including reasonable attorneys' fees and expert

witness fees and expenses;

 e. Award judgment for compensatory damages;

 f. Award punitive damages;

 g. Enter an order requiring the Defendants to implement effective steps to eliminate and remediate race discrimination from the Defendant's organization;

 h. Grant such other relief as the Court deems equitable and just.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. The Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 11-27, 28-36, 37-42, 43-50, and 51-58 of the Complaint.

60. The Defendant's conduct and the conduct of its manager and supervisor as outlined in the foregoing paragraphs was extreme, outrageous and beyond the bounds of moral decency and intended to cause extreme distress which Plaintiff DIANE ROBERTS suffered and continues to suffer since the incidents alleged herein, a psychological condition for which she is receiving medical treatment.

61. The Defendant's conduct and the conduct of its manager and supervisor was so extreme and outrageous, subjected Plaintiff to severe mental distress and suffering and no reasonable person could be expected to endure it.

62. By reason thereof, Plaintiff was injured by the acts of Defendant and the conduct of its manager and supervisor, including, but not limited to emotional injuries, great distress of body and mind, pain and suffering, post-traumatic stress syndrome, costs of treating such injuries, and other consequential damages.

WHEREFORE, for the foregoing reasons, the Plaintiff, DIANE ROBERTS,

respectfully request that this court provide the following equitable and monetary relief:

a. Advance this case on the docket, order a speedy hearing at the earliest practical book date and cause this case to be expedited in every possible way;

b. Order a permanent injunction prohibiting the Defendant, SIDLEY AUSTIN, from further acts of discrimination;

c. Award back pay, future earnings and reimbursement for income and fringe benefits to the present with applicable statutory interest;

d. Award the costs of litigation including reasonable attorneys' fees and expert witness fees and expenses;

e. Award judgment for compensatory damages;

f. Award punitive damages;

g. Enter an order requiring the Defendant to implement effective steps to eliminate and remediate race discrimination and harassment from the Defendant's organization;

h. Grant such other relief as the Court deems equitable and just.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action.

Respectfully submitted,

DIANE ROBERTS

By: _____
One of Plaintiff's Attorneys

September 12, 2005                                    **OTUBUSIN & ASSOCIATES, P.C.**
                                                      77 West Washington Street
                                                      Suite 1204
                                                      Chicago, Illinois  60602
                                                      (312) 251-1480
                                                      THIS FIRM DOES <u>NOT</u> AND WILL  <u>NOT</u> RECEIVE ANY PLEADINGS
                                                      BY FACSIMILE TRANSMISSION

STATE OF ILLINOIS      )
                       ) SS.
COUNTY OF C O O K      )

### VERIFICATION

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements as set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believes the same to be true.

_____
DIANE ROBERTS

Subscribed and Sworn to
before me this 12th day of
September, 2005.

_____
NOTARY PUBLIC

OFFICIAL SEAL
FLOR VAQUERO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 7-1-2009

Paul O. Otubusin
**OTUBUSIN & ASSOCIATES, P.C.**
77 West Washington Street
Suite 1204
Chicago, Illinois  60602
Firm No: 28406
E-mail: drotubusin@aol.com
(312) 251-1480
(312) 251-1481 (Fax)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ IDHR  ☒ EEOC | 2005 CA 1795 |

## Illinois Department of Human Rights and EEOC

**NAME** (indicate Mr., Ms., Mrs.): DIANE ROBERTS
**HOME TELEPHONE** (include area code): (708) 848-0293
**STREET ADDRESS**: 829 NORTH TAYLOR AVENUE
**CITY, STATE AND ZIP CODE**: OAK PARK, IL 60302
**DATE OF BIRTH**: 07/01/1955

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (IF MORE THAN ONE, LIST BELOW)

**NAME**: SIDLEY AUSTIN BROWN & WOOD, LLP
**NUMBER OF EMPLOYEES/MEMBERS**: 15+
**TELEPHONE** (include area code): (312) 853-7000
**STREET ADDRESS**: 10 SOUTH DEARBORN STREET
**CITY, STATE AND ZIP CODE**: CHICAGO, IL 60603
**COUNTY**: COOK

**CAUSE OF DISCRIMINATION BASED ON:** RACE    COLOR    SEX    AGE

**DATE OF DISCRIMINATION**
EARLIEST (ADEA/EPA): / /
LATEST (ALL): 09/15/04
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (if additional space is needed attach extra sheet(s))

I. A. ISSUE/BASIS

1. From March 1982 until September 15, 2004, I have been employed as a Legal Secretary with the Respondent.

2. I was demoted to the position of a "Floater", [an entry level position with the Respondent] on September 15, 2004.

3. All my annual evaluations with the Respondent from March 1982 through March 2004 have been satisfactory.

4. I was discriminated against because of my sex, female; race, color, and age, and constructively discharged.

5. I was given one (1) day to move from a high profile position in front of the whole firm for the sole purpose of degrading and demeaning my reputation and integrity.

*DEPT. OF HUMAN RIGHTS INTAKE UNIT APR 28 2005 RECEIVED BY*

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

OFFICIAL SEAL
FLOR VAQUERO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12-4-2005
Notary Public Seal

NOTARY (when necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT   DATE
X Diane Roberts   4-25-05
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, year)

PLAINTIFF'S EXHIBIT A

EEOC FORM 5 (6/00)

Roberts v. Sidley Austin Brown & Wood, LLP
April 25, 2005
Page 2 of 5

  6. No one who has a satisfactory evaluation has ever lost his or her position to a floater while on vacation throughout my twenty-two (22) years with the Respondent.

II. A. ISSUE/BASIS

I was discharged on or about September 15 because of my color.

 B. PRIMA-FACIE ALLEGATIONS

  1. I am a black female.

  2. I have satisfactorily performed my duties as a Legal Secretary for the Respondent since March 1982.

  3. On or about September 15, 2004, I was demoted without cause to the position of a "Floater" by Scott Lassar, a Partner with the Respondent. Mr. Lassar gave me no verbal or written reason for the Respondent's adverse action. Mr. Lassar failed to offer any documentation nor did he proffer any willful misconduct on my part to have merited such demotion to the position of a "Floater" which is an entry level position within the Respondent's employment.

  4. Paul D'Jock [a white male] with less experience, with no litigation experience, and with less seniority in the legal secretarial field was hired to replace me.

  5. Paul D'Jock, a "Floater", who replaced me while I was on vacation, had his title changed to a "Legal Secretary" while my title was changed from a "Legal Secretary" to a "Floater".

III. A. ISSUE/BASIS

I was discharged on or about September 15 because of my color.

 B. PRIMA-FACIE ALLEGATIONS

  1. I am a black female.

  2. I have satisfactorily performed my duties as a Legal Secretary for the Respondent since March 1982.

Roberts v. Sidley Austin Brown & Wood, LLP
April 25, 2005
Page 3 of 5

3. On or about September 15, 2004, I was demoted without cause to the position of a "Floater" by Scott Lassar, a Partner with the Respondent. Mr. Lassar gave me no verbal or written reason for the Respondent's adverse action. Mr. Lassar failed to offer any documentation nor did he proffer any willful misconduct on my part to have merited such demotion to the position of a "Floater" which is an entry level position within the Respondent's employment.

4. Paul D'Jock [a white male] with less experience, with no litigation experience and with less seniority in the legal secretarial field was hired to replace me.

5. Paul D'Jock, a "Floater", who replaced me while on vacation, had his title changed to a "Legal Secretary" while my title was changed from a "Legal Secretary" to a "Floater".

IV.  A.  ISSUE/BASIS

I was discharged on or about September 15, 2004 because of my sex, female.

B.  PRIMA-FACIE ALLEGATIONS

1. I am a black female.

2. I have satisfactorily performed my duties as a Legal Secretary for the Respondent since March 1982.

3. On or about September 15, 2004, I was demoted without cause to the position of a "Floater" by Scott Lassar, a Partner with the Respondent. Mr. Lassar gave me no verbal or written reason for the Respondent's adverse action. Mr. Lassar failed to offer any documentation nor did he proffer any willful misconduct on my part to have merited such demotion to the position of a "Floater" which is an entry level position within the Respondent's employment.

4. Paul D'Jock [a white male] with less experience, with no litigation experience, and with less seniority in the legal secretarial field was hired to replace me.

5. Paul D'Jock, a "Floater", who replaced me while I was on vacation, had his title changed to a "Legal Secretary" while my title was changed from a "Legal Secretary" to a "Floater".

Roberts v. Sidley Austin Brown & Wood, LLP
April 25, 2005
Page 4 of 5

V. A. ISSUE/BASIS

I was discharged on or about September 15, 2004 because of my age, 49 years old.

B. PRIMA-FACIE ALLEGATIONS

1. I am over 40 years of age.

2. I have satisfactorily performed my duties as a Legal Secretary for the Respondent since March 1982.

3. On or about September 15, 2004, I was demoted without cause to the position of a "Floater" by Scott Lassar, a Partner with the Respondent. Mr. Lassar gave me no verbal or written reason for the Respondent's adverse action. Mr. Lassar failed to offer any documentation nor did he proffer any willful misconduct on my part to have merited such demotion to the position of a "Floater" which is an entry level position within the Respondent's employment.

4. Paul D'Jock [a white male in his 20s] with less experience, with no litigation experience, and with less seniority in the legal secretarial field was hired to replace me.

5. Paul D'Jock, a "Floater", who replaced me while I was on vacation, had his title changed to a "Legal Secretary" while my title was changed from a "Legal Secretary" to a "Floater".

_____          4-25-05
COMPLAINANT                                DATE

Subscribed and Sworn to
before me, a Notary Public on
this 25th day of April, 2005.

_____
NOTARY PUBLIC

OFFICIAL SEAL
FLOR VAQUERO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12-4-2005

Roberts v. Sidley Austin Brown & Wood, LLP
April 25, 2005
Page 5 of 5

6. The hostile work environment created by Sidley Austin Brown & Wood, LLP caused me to have severe headache, stress, emotional distress and insomnia for which I am under medical treatment.

Paul O. Otubusin
**OTUBUSIN & ASSOCIATES, P.C.**
Attorneys for Petitioner
77 West Washington Street
Suite 1204
Chicago, IL 60602
(312) 251-1480
(312) 251-1481 (Fax)

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Ms. Diane Roberts<br>829 North Taylor Avenue<br>Oak Park, Illinois 60302 | From: | Equal Employment Opportunity Commission<br>Chicago District Office<br>500 West Madison Street<br>Suite 2800<br>Chicago, Illinois 60661-2511 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21BA500734 | Nola Smith, State/Local Coordinator | (312) 886-5973 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosure(s)

*John P. Rowe*
John P. Rowe, District Director

20 July 2005
(Date Mailed)

cc: Sidley Austin Brown & Wood LLP

**PLAINTIFF'S EXHIBIT B**