IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE ROBERTS, ) | |
| ) | |
| Plaintiff, ) | No. 05 C 5345 |
| ) | |
| SIDLEY AUSTIN BROWN & WOOD LLP, ) | Judge Ronald Guzman |
| ) | |
| Defendant. ) | |

## ANSWER TO VERIFIED COMPLAINT

NOW COMES Defendant, SIDLEY AUSTIN BROWN & WOOD LLP and in Answer to the Verified Complaint of DIANE ROBERTS states as follows:

**Paragraph No. 1:** This is a proceeding for declaratory and injunctive relief and damages to redress the deprivation of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII") and under 42 U.S.C. §1981 ("Section 1981").

**ANSWER NO. 1:** Defendant admits that Plaintiff purports to bring this cause of action under the referenced statutes. Defendant denies all remaining allegations of Paragraph No. 1.

## JURISDICTION AND VENUE

**Paragraph No. 2:** Jurisdiction of this court is invoked pursuant to Title VII, 42 U.S.C. §2000e-5, 42 U.S.C. §1981 and §1981(a) as well as 28 U.S.C. §§1337 and 1343.

**ANSWER NO. 2:** Defendant admits that Plaintiff purports to base this Court's jurisdiction under the referenced statutes. Defendant denies all remaining allegations of Paragraph No. 2.

**Paragraph No. 3:** Defendant further constitutes an "employer" within the meaning of Title VII, 42 U.S.C. §2000(b), based on its engagement in an industry affecting commerce and its employment of fifteen (15) or more employees for each work day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

**ANSWER NO. 3**: Defendant admits that it is an employer within the meaning of Title VII, 42 U.S.C. §2000(b).

**Paragraph No. 4**: Prior to filing this civil action, the named Plaintiff timely filed written charges under oath asserting employment discrimination with the Equal Employment Opportunity Commission ("EEOC") (Exhibit A). Plaintiff received a notice of Right to Sue (Exhibit B).

**ANSWER NO. 4**: Defendant admits that Plaintiff filed a charge under oath with the EEOC and that the EEOC issued a Notice of Right to Sue and further states that these documents speak for themselves.

**Paragraph No. 5**: Plaintiff timely filed this action in federal court.

**ANSWER NO. 5**: Defendant admits that this lawsuit is timely to the extent it is based on allegations raised in her EEOC charge. Defendant denies all remaining allegations of Paragraph No. 5.

**Paragraph No. 6**: The unlawful employment practices stated herein were, in part, committed within the Northern District of Illinois. Accordingly, venue thus lies within this judicial district under 28 U.S.C. §1391(b). Venue further lies within this judicial district under 28 U.S.C. §1391(c), since Sidley Austin Brown & Wood, LLP does business in this judicial district.

**ANSWER NO. 6**: Defendant admits that venue lies within this judicial district.

## THE PARTIES

**Paragraph No. 7**: Plaintiff, DIANE ROBERTS, is a resident of the Village of Maywood, Cook County, Illinois, and lives within this judicial district.

**ANSWER NO. 7**: Upon information and belief, Defendant admits the allegations of Paragraph No. 7.

**Paragraph No. 8**: Defendant, SIDLEY AUSTIN BROWN & WOOD, LLP (hereinafter, "SIDLEY AUSTIN") is an Illinois corporation and does business in the City of Chicago and was plaintiff's employer during the relevant period giving rise to this cause of action.

**ANSWER NO. 8:** Defendant admits that it does business in the City of Chicago and that it employed Plaintiff from March 1982 until she resigned in November 2004. Defendant denies the remaining allegations of Paragraph No. 8.

**Paragraph No. 9:** SCOTT LASSAR [hereinafter "LASSAR"] was a Partner with SIDLEY AUSTIN during the relevant period giving rise to this cause of action.

**ANSWER NO. 9:** Defendant admits that Scott Lassar was a partner with Defendant from September 2001 to the present. Defendant denies all remaining allegations of Paragraph No. 9.

**Paragraph No. 10:** MARJORIE A. PELSZYNSKI was the secretarial Manager with SIDLEY AUSTIN during the relevant period giving rise to this cause of action.

**ANSWER NO. 10:** Defendant admits that Marjorie A. Pelszynski has been its Secretarial Manager from June 1999 to the present. Defendant denies all remaining allegations of Paragraph No. 10.

## ALLEGATIONS

**Paragraph No. 11:** The named Plaintiff, DIANE ROBERTS, is asserting claims for discrimination on the basis of race, color, age, and sex [female] under Title VII and 42 U.S.C. §1981, and intentional infliction of emotional distress.

**ANSWER NO. 11:** Defendant admits the allegations of Paragraph No. 11.

**Paragraph No. 12:** Plaintiff is black and a minority, and, therefore, belongs to a protected group. She has always performed her jobs satisfactorily and continued to perform her jobs satisfactorily.

**ANSWER NO. 12:** Defendant admits Plaintiff is black. Defendant denies all remaining allegations of Paragraph No. 12.

**Paragraph No. 13:** SIDLEY AUSTIN has engaged in a pattern and practice of discrimination. Furthermore, SIDLEY AUSTIN has engaged in a practice of intimidation which, on information and belief, has had the effect of making additional people more reluctant to come forward with complaint.

3

**ANSWER NO. 13:** Defendant objects to Paragraph No. 13 insofar as it alleges legal conclusions. Defendant denies all remaining allegations in Paragraph No. 13.

**Paragraph No. 14:** The working conditions of the Plaintiff at SIDLEY AUSTIN are permeated with discrimination, ridicule and insult which have changed the conditions of Plaintiff's employment and created an abusive and hostile work environment for the Plaintiff.

**ANSWER NO. 14:** Defendant objects to Paragraph No. 14 insofar as it alleges legal conclusions. Defendant denies all remaining allegations in Paragraph No. 14

**Paragraph No. 15:** Plaintiff was employed with SIDLEY AUSTIN as a Legal Secretary from March 1982 until September 15, 2004.

**ANSWER NO. 15:** Defendant admits that it employed Plaintiff from March 1982 until she resigned on November 12, 2004 and admits that she was assigned legal secretary duties throughout her tenure. Defendant denies all remaining allegations of Paragraph No. 15.

**Paragraph No. 16:** Plaintiff's performance was as good as that of PAUL D'JOCK (a white man) who is still employed by SIDLEY AUSTIN.

**ANSWER NO. 16:** Defendant admits that Paul D'Jock is a white male employed by it and denies the remaining allegations of Paragraph No. 16.

**Paragraph No. 17:** Plaintiff was constructively discharged because of her age, forty-nine (49) years; race, color and sex, female.

**ANSWER NO. 17:** Defendant objects to Paragraph No. 17 insofar as it alleges legal conclusions. Defendant admits that Plaintiff was 49 when she resigned. Defendant denies all remaining allegations in Paragraph No. 17.

**Paragraph No. 18:** On September 15, 2004, Defendant demoted Plaintiff without cause from the position of Legal Secretary to the position of a "Floater" [an entry level position] and denied that it was a demotion.

**ANSWER NO. 18:** Defendant admits that on/about September 15, Defendant changed Plaintiff's title from Legal Secretary to Special Assignment Secretary. Defendant

admits that it denied the move was a demotion. Defendant denies all remaining allegations of Paragraph No. 18.

**Paragraph No. 19**: There was no reason or documentation given by LASSAR validating his reason for Plaintiff's demotion.

**ANSWER NO. 19**: Defendant denies the allegations of Paragraph No. 19.

**Paragraph No. 20**: Plaintiff was demoted to the position of a "Floater" which position was given to PAUL D'JOCK [a white male who used to be a "Floater"] with less experience, with no litigation experience, and with less seniority in the law firm and the legal secretarial field.

**ANSWER NO. 20**: Defendant denies the allegations of Paragraph No. 20.

**Paragraph No. 21**: PAUL D'JOCK who replaced the Plaintiff while on vacation, had his title changed to a "Legal Secretary" while Plaintiff's title was changed from a "Legal Secretary" to a "Floater."

**ANSWER NO. 21**: Defendant admits that on/about September 15, 2004 Paul D'Jock's title changed from Special Assignment Secretary to Legal Secretary and that Plaintiff's title changed from Legal Secretary to Special Assignment Secretary. Defendant denies the remaining allegations of Paragraph No. 21.

**Paragraph No. 22**: Other white employees who are similarly situated as the Plaintiff, who went on vacation, have not been demoted to the position of "Floater" from the position of "Legal Secretary" with the law firm.

**ANSWER NO. 22**: Defendant denies that the shift from Legal Secretary to Special Assignment Secretary is a demotion and denies that other Legal Secretaries have not been shifted to Special Assignment Secretaries. Defendant denies all remaining allegations of Paragraph No. 22.

**Paragraph No. 23**: Plaintiff complained to MARJORIE A. PELSZYNSKI, the Secretarial Manager, but nothing was done to remedy the situation up to the time of Plaintiff's departure from SIDLEY AUSTIN.

**ANSWER NO. 23**: Defendant denies the allegations of Paragraph No. 23.

**Paragraph No. 24:** As a result of Defendant's discriminatory conduct, Plaintiff was constructively discharged from Defendant's employment.

**ANSWER NO. 24:** Defendant objects to Paragraph No. 24 insofar as it alleges legal conclusions. Defendant denies all remaining allegations in Paragraph No. 24.

**Paragraph No. 25:** The hostile work environment created by SIDLEY AUSTIN caused Plaintiff to have severe headaches, stress, emotional distress, loss of self-esteem and confidence, restlessness, fatigue, irritability and insomnia for which Plaintiff is still under medical treatment.

**ANSWER NO. 25:** Defendant objects to Paragraph No. 25 insofar as it alleges legal conclusions. Defendant is without sufficient information to admit or deny the allegations regarding issues requiring medical treatment and therefore denies the same. Defendant denies all remaining allegations in Paragraph No. 25.

**Paragraph No. 26:** Plaintiff sought medical treatments from JUDY LAW, MD [her family physician], FE A. VELASCO, MD [her psychiatrist] and BILL HOVSEPIAN, PhD, CSADC [her Clinical Psychologist].

**ANSWER NO. 26:** Defendant is without sufficient information to admit or deny the allegations of Paragraph No. 26 and therefore denies the same.

**Paragraph No. 27:** JUDY LAW, MD [her family physician]; FE A. VELASCO, MD [her psychiatrist] and BILL HOVSEPIAN, PhD, CSADC CSADC [sic] [her Clinical Psychologist] diagnosed Plaintiff was presenting generalized anxiety disorders, post traumatic stress syndrome, and concluded that their analysis revealed that the elevations are related to stressful incidents at work.

**ANSWER NO. 27:** Defendant is without sufficient information to admit or deny the allegations of Paragraph No. 27 and therefore denies the same.

**COUNT I**
**TITLE VII**
**RACE DISCRIMINATION**

**Paragraph No. 28:** The Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 11-27 of the Complaint.

**ANSWER NO. 28:** In answer to Paragraph No. 28, Defendant adopts and incorporates by reference its responses to allegations contained in paragraphs 11-27 of the Complaint.

**Paragraph No. 29:** The Plaintiff, DIANE ROBERTS, has been subjected to different treatment on the basis of her race, black.

**ANSWER NO. 29:** Defendant objects to Paragraph No. 29 insofar as it alleges legal conclusions. Defendant denies all remaining allegations in Paragraph No. 29.

**Paragraph No. 30:** The claim is brought under Title VIII 42U.S.C. §2000e et seq.

**ANSWER NO. 30:** Defendant admits that Plaintiff purports to bring this claim under the referenced statute. Defendant denies all remaining allegations of Paragraph No. 30.

**Paragraph No. 31:** On September 15, 2004, Defendant demoted Plaintiff without cause from the position of Legal Secretary to the position of a "Floater" [an entry level position] and denied that it was a demotion.

**ANSWER NO. 31:** Defendant admits that on/about September 15, Defendant changed Plaintiff's title from Legal Secretary to Special Assignment Secretary. Defendant admits that it denied the move was a demotion. Defendant denies all remaining allegations of Paragraph No. 31.

**Paragraph No. 32:** There was no reason or documentation given by LASSAR validating his reason for Plaintiff's demotion.

**ANSWER NO. 32:** Defendant denies the allegations of Paragraph No. 32.

**Paragraph No. 33:** Plaintiff was demoted to the position of a "Floater" which position was given to PAUL D'JOCK [a white male who used to be a "Floater"] with less experience, with no litigation experience, and with less seniority in the legal secretarial field.

**ANSWER NO. 33:** Defendant denies the allegations of Paragraph No. 33.

**Paragraph No. 34:** PAUL D'JOCK who replaced the Plaintiff while on vacation, had his title changed to a "Legal Secretary" while Plaintiff's title was changed from a "Legal Secretary" to a "Floater."

7

**ANSWER NO. 34:** Defendant refers Plaintiff to its response to Paragraph 21 and incorporates it as its response to Paragraph No. 34.

**Paragraph No. 35:** Other white employees who are similarly situated as the Plaintiff have not been demoted to the position of a "Floater" from the position of "Legal Secretary" with the law firm.

**ANSWER NO. 35:** Defendant denies that the shift from Legal Secretary to Special Assignment Secretary is a demotion and denies that other Legal Secretaries have not been shifted to Special Assignment Secretaries. Defendant denies all remaining allegations of Paragraph No. 35.

**Paragraph No. 36:** As a result of Defendant's discriminatory conduct, Plaintiff was constructively discharged from Defendant's employment.

**ANSWER NO. 36:** Defendant objects to Paragraph No. 36 insofar as it alleges legal conclusions. Defendant denies all remaining allegations in Paragraph No. 36.

## COUNT II
## RACE DISCRIMINATION UNDER §1981

**Paragraph No. 37:** The Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 11-27 and 28-36 of the Complaint.

**ANSWER NO. 37:** Defendant adopts and incorporates by reference its responses to allegations contained in paragraphs 11-27 and 28-36 of the Complaint.

**Paragraph No. 38:** This claim is made under 42 U.S.C. §1981.

**ANSWER NO. 38:** Defendant admits that Plaintiff purports to bring this claim under the referenced statute. Defendant denies all remaining allegations of Paragraph No. 38.

**Paragraph No. 39:** The Plaintiff is a member of a racial minority (black), a protected group under the law.

**ANSWER NO. 39:** Defendant admits that Plaintiff is black. Defendant denies all remaining allegations of Paragraph No. 39.

**Paragraph No. 40:** These acts were done intentionally.

**ANSWER NO. 40**: Defendant objects to Paragraph 40 insofar as it alleges legal conclusions. Defendant denies all remaining allegations in Paragraph No. 40.

**Paragraph No. 41**: Defendant's treatment of the Plaintiff denied her of the full and equal treatment of all laws for the security of persons and property "as is enjoyed by white citizens" in violation of 42 U.S.C. §1981.

**ANSWER NO. 41**: Defendant objects to Paragraph 41 insofar as it alleges legal conclusions. Defendant denies all remaining allegations in Paragraph No. 41.

## COUNT III
## AGE DISCRIMINATION

**Paragraph No. 42**: The Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 11-27, 28-36, and 37-42 of the Complaint.

**ANSWER NO. 42**: Defendant adopts and incorporates by reference its responses to allegations 11-27, 28-36 and 37-42 of the Complaint.

**Paragraph No. 43**: The Plaintiff, DIANE ROBERTS, has been subjected to different treatment on the basis of her age, 49 years.

**ANSWER NO. 43**: Defendant objects to the allegations of Paragraph No. 43 insofar as they allege legal conclusions. Defendant admits that Plaintiff was 49 years old as of July 1, 2004. Defendant denies all remaining allegations of Paragraph No. 43.

**Paragraph No. 44**: The claim is brought under Title VII, 42 U.S.C. §2000e et seq.

**ANSWER NO. 44**: Defendant admits that Plaintiff purports to bring this claim under the referenced statute. Defendant denies all remaining allegations of Paragraph No. 44.

**Paragraph No. 45**: On September 15, 2004, Defendant demoted Plaintiff without cause from the position of Legal Secretary to the position of a "Floater" [an entry level position] and denied that it was a demotion.

**ANSWER NO. 45**: Defendant admits that on/about September 15, Defendant changed Plaintiff's title from Legal Secretary to Special Assignment Secretary and that it denied the move was a demotion. Defendant denies all remaining allegations of Paragraph No. 45.

9

**Paragraph No. 46:** There was no reason or documentation given by LASSAR validating his reason for Plaintiff's demotion.

**ANSWER NO. 46:** Defendant denies the allegations of Paragraph No. 46.

**Paragraph No. 47:** Plaintiff was demoted to the position of a "Floater" which position was given to PAUL D'JOCK [a white male who used to be a "Floater"], who is in his 20s, with less experience, with no litigation experience, and with less seniority in the legal secretarial field.

**ANSWER NO. 47:** Defendant denies the allegations of Paragraph No. 47.

**Paragraph No. 48:** PAUL D'JOCK who replaced the Plaintiff while on vacation, had his title changed to a "Legal Secretary" while Plaintiff's title was changed from a "Legal Secretary" to a "Floater."

**ANSWER NO. 48:** Defendant refers Plaintiff to its response to Paragraph No. 21 and incorporates it as its response to the allegations of Paragraph 48.

**Paragraph No. 49:** Other white employees who are similarly situated as the Plaintiff have not been demoted to the position of a "Floater" from the position of "Legal Secretary" with the law firm.

**ANSWER NO. 49:** Defendant denies the allegations of Paragraph No. 49.

**Paragraph No. 50:** As a result of Defendant's discriminatory conduct, Plaintiff was constructively discharged from Defendant's employment.

**ANSWER NO. 50:** Defendant objects to Paragraph 50 insofar as it alleges legal conclusions. Defendant denies all remaining allegations in Paragraph No. 50.

## COUNT IV
## SEX [FEMALE]

**Paragraph No. 51:** The Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 11-27, 28-36, 37-42 and 43-50 of the Complaint.

**ANSWER NO. 51:** Defendant adopts and incorporates by reference its responses to allegations contained in paragraphs 11-27, 28-36, 37-42 and 43-50 of the Complaint.

**Paragraph No. 51 [sic]:** The Plaintiff, DIANE ROBERTS has been subjected to a different treatment on the basis of her sex, female.

10

**ANSWER NO. 51**: Defendant objects to Paragraph No. 51 insofar as it alleges legal conclusions. Defendant denies all remaining allegations in Paragraph No. 51.

**Paragraph No. 52**: The claim is brought under Title VII, 42 U.S.C. §2000e et seq.

**ANSWER NO. 52**: Defendant admits that Plaintiff purports to bring this claim under the referenced statute. Defendant denies all remaining allegations of Paragraph No. 52.

**Paragraph No. 53**: On September 15, 2004, Defendant demoted Plaintiff without cause from the position of Legal Secretary to the position of a "Floater" [an entry level position] and denied that it was a demotion.

**ANSWER NO. 53**: Defendant admits that on/about September 15, Defendant changed Plaintiff's title from Legal Secretary to Special Assignment Secretary and that it denied this switch was a demotion. Defendant denies all remaining allegations of Paragraph No. 53.

**Paragraph No. 54**: There was no reason or documentation given by LASSAR validating his reason for Plaintiff's demotion.

**ANSWER NO. 54**: Defendant denies the allegations of Paragraph No. 54.

**Paragraph No. 55**: Plaintiff was demoted to the position of a "Floater" which position was given to PAUL D'JOCK [a white male who used to be a "Floater"] with less experience, with no litigation experience, and with less seniority in the legal secretarial field.

**ANSWER NO. 55**: Defendant denies the allegations of Paragraph No. 55.

**Paragraph No. 56**: PAUL D'JOCK who replaced the Plaintiff while on vacation, had his title changed to a "Legal Secretary" while Plaintiff's title was changed from a "Legal Secretary" to a "Floater."

**ANSWER NO. 56**: Defendant refers Plaintiff to its response to Paragraph No. 21 and incorporates it as its response to the allegations of Paragraph No. 56.

**Paragraph No. 57**: Other white employees who are similarly situated as the Plaintiff have not been demoted to the position of a "Floater" from the position of "Legal Secretary with the law firm.

**ANSWER NO. 57**: Defendant denies that the shift from Legal Secretary to Special Assignment Secretary is a demotion and denies that other Legal Secretaries have not

11

been shifted to Special Assignment Secretaries. Defendant denies all remaining allegations of Paragraph No. 57.

**Paragraph No. 58**: As a result of Defendant's discriminatory conduct, Plaintiff was constructively discharged from Defendant's employment.

**ANSWER NO. 58**: Defendant objects to Paragraph 58 insofar as it alleges legal conclusions. Defendant denies all remaining allegations in Paragraph No. 58.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff voluntarily agreed to withdraw Count V (Paragraphs 59-62) of her Verified Complaint alleging intentional infliction of emotional distress. See Exhibit A. In the event this count is not withdrawn, Defendant denies all allegations.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies under Title VII by not raising some of her claims in the charges of discrimination that she filed with the Equal Employment Opportunity Commission.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### FOURTH AFFIRMATIVE DEFENSE

All actions complained of herein were taken in the good faith belief that Defendant's actions did not violate the ADEA.

### FIFTH AFFIRMATIVE DEFENSE

All of Defendant's actions and decisions with respect to Plaintiff were based upon legitimate, non-discriminatory reasons, and/or upon reasonable factors other than age and/or upon good cause.

### SIXTH AFFIRMATIVE DEFENSE

Defendant denies that it was motivated in whole or in part by illegal discriminatory animus in any decisions or actions concerning Plaintiff, and affirmatively pleads that it would have made the same decisions and taken the same actions irrespective of race, gender or age.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege any discriminatory policy maintained by Defendant or otherwise plead facts establishing a claim of discrimination based on a pattern and practice of Defendant.

Respectfully submitted,

SIDLEY AUSTIN BROWN & WOOD LLP

By:   S/Julie O. Allen
    One of Its Attorneys

Julie O. Allen
Christopher J. Boran
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7441

Date: October 14, 2005

# EXHIBIT A

# SIDLEY AUSTIN BROWN & WOOD LLP

| | | |
|---|---|---|
| BEIJING | BANK ONE PLAZA | LOS ANGELES |
| BRUSSELS | 10 S. DEARBORN STREET | NEW YORK |
| CHICAGO | CHICAGO, ILLINOIS 60603 | SAN FRANCISCO |
| DALLAS | TELEPHONE 312 853 7000 | SHANGHAI |
| GENEVA | FACSIMILE 312 853 7036 | SINGAPORE |
| HONG KONG | www.sidley.com | TOKYO |
| LONDON | FOUNDED 1866 | WASHINGTON, D.C. |

WRITER'S DIRECT NUMBER
(312) 853-4105

WRITER'S E-MAIL ADDRESS
cboran@sidley.com

October 11, 2005

**By First Class Mail**
Paul O. Otubusin, Esq.
Otubusin & Associates, PC
77 W. Washington Street
Suite 1204
Chicago, IL 60602

Re:  **Diane Roberts v. Sidley Austin Brown & Wood LLP
      Case No. 05 C 5345**

Dear Mr. Otubusin:

This letter is to confirm our telephone conversation of Thursday, October 6, 2005, during which you agreed to voluntarily dismiss Count V of Ms. Robert's Verified Complaint in the above stated matter, alleging intentional infliction of emotional distress.

Please confirm that you have, or shortly, will notify the Court of your voluntary dismissal of Count V. Please contact me if you have any questions.

Very truly yours,

Christopher J. Boran

SIDLEY AUSTIN BROWN & WOOD LLP IS A LIMITED LIABILITY PARTNERSHIP
PRACTICING IN AFFILIATION WITH OTHER SIDLEY AUSTIN BROWN & WOOD PARTNERSHIPS

CH1 3349135v.1

## CERTIFICATE OF SERVICE

Christopher J. Boran, one of the attorneys for Defendant Sidley Austin Brown & Wood LLP, certify that I caused a copy of the foregoing Answer to Verified Complaint to be served upon Plaintiff, by first class mail, postage prepaid, to counsel for Plaintiff:

> Paul O. Otubusin, Esq.
> Otubusin & Associates, P.C.
> 77 West Washington Street
> Suite 1204
> Chicago, IL 60602

_____

this 14th day of October, 2005.