IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 5345 |
| | ) | |
| v. | ) | Hon. Ronald Guzman |
| | ) | |
| SIDLEY AUSTIN BROWN & WOOD, LLP, | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION TO DISMISS COUNT V OF PLAINTIFF'S
VERIFIED COMPLAINT**

Defendant Sidley Austin Brown & Wood, LLP by its attorneys, moves this Honorable Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Count V of Diane Roberts' Verified Complaint. In support Defendant relies on the grounds set forth in its supporting Memorandum, filed and served herewith.

WHEREFORE, for the reasons stated herein and in Defendant's Memorandum In Support of Defendant's Motion To Dismiss Count V of Plaintiff's Verified Complaint, Defendant respectfully requests this Honorable Court to dismiss Count V of Plaintiff's Verified Complaint in its entirety with prejudice and grant Defendant such other relief as may be warranted.

Respectfully submitted,

/s/ Christopher J. Boran
One of the Attorneys for Defendant
Sidley Austin Brown & Wood, LLP.

Julie O. Allen
Christopher J. Boran
SIDLEY AUSTIN BROWN & WOOD LLP
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Dated: November 17, 2005

## CERTIFICATE OF SERVICE

I, Christopher J. Boran, one of the attorneys for Defendant Sidley Austin Brown & Wood, LLP, certify that I caused a copy of the foregoing Defendant's Motion To Dismiss Count V of Plaintiff's Verified Complaint to be served by Electronic Mail Notice, upon counsel for Plaintiff:

**Paul O. Otubusin**
drotubusin@aol.com

this 17th day of November, 2005.

/s/ Christopher J. Boran

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE ROBERTS, | ) |
| Plaintiff, | ) No. 05 C 5345 |
| v. | ) Hon. Ronald Guzman |
| SIDLEY AUSTIN BROWN & WOOD, LLP, | ) |
| Defendants. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
COUNT V OF PLAINTIFF'S VERIFIED COMPLAINT**

Plaintiff Diane Roberts has a five-count complaint against Defendant Sidley Austin Brown & Wood, LLP ("Sidley"), her former employer. Ms. Roberts alleges that she was demoted and constructively discharged as a result of discrimination based on race (Counts I and II), age (Count III) and sex (Count IV). She also alleges that this discrimination amounted to intentional infliction of emotional distress (Count V). Sidley moves to dismiss Count V of Ms. Roberts' Verified Complaint ("Complaint") for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(1), (6).

### STATEMENT OF FACTS

The following facts are taken from Plaintiff's Complaint and except as admitted in Defendant's answer are assumed to be true solely for the purpose of Defendant's Motion to Dismiss.

Sidley hired Ms. Roberts as a Legal Secretary in March 1982. Complaint ("Compl.") ¶ 15. Ms. Roberts was forty-nine years old as of September 2004, and is a black

woman. Id. ¶¶ 12, 17, 29, 39, 43, 51. Ms. Roberts served as a Legal Secretary assigned to assist particular attorneys. Id. ¶¶ 19, 32, 46, 54. While Ms. Roberts was on vacation, a young, white male filled in for her and then took over her position. Id. ¶¶ 18, 20, 21, 31, 33, 34, 45, 48, 53, 55. Ms. Roberts was "demoted" to the position of "Floater." See id. 18. Ms. Roberts alleges she was constructively discharged as a result of the demotion. See id. ¶¶ 17, 36, 50, 58.

## ARGUMENT

**I.    The Illinois Human Rights Act Preempts Plaintiff's Claim For Intentional Infliction of Emotional Distress.**

The Illinois Human Rights Act, 775 ILCS 5/1-101 et seq. ("IHRA"), in relevant part provides that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(C) (2001). Accordingly, "when the allegations on which a state law tort is based constitute a civil rights violation under the [IHRA], the tort is preempted." Westphal v. City of Chicago, 8 F. Supp. 2d 809, 811-12 (N.D. Ill. 1998). The Illinois Supreme Court has held that the exclusivity provision of the IHRA preempts state law claims that are based upon civil rights violations where the factual basis of the claims are "inextricably linked." See Geise v. Phoenix Co. of Chicago, Inc., 159 Ill.2d 507, 516-17 (Ill. 1994). Applying this test, courts in the Northern District of Illinois routinely dismiss claims for intentional infliction of emotional distress in the employment context. See, e.g., Stansberry v. Uhlich Children's Home, 264 F. Supp. 2d 680, 690 (N.D. Ill. 2003); Harrington-Grant v. Loomis, Fargo & Co., No. 01C6344, 2002 WL 47152, *5 (N.D. Ill. Jan. 11, 2002); Haas v. Village of Hinsdale, No. 01 C 1278, 2001 WL 1609367, *2 (N.D. Ill. Dec. 17, 2001).

2

For example, in <u>Stansberry</u>, the Court dismissed plaintiff's claim of intentional infliction of emotional distress finding it inextricably linked to the plaintiff's discrimination and retaliation claims under the Americans With Disabilities Act <u>Id.</u> There the plaintiff's intentional infliction of emotional distress count simply re-alleged and incorporated by reference the same allegations that formed the basis of his discrimination and retaliation claims. The Court pointed out that the only allegations unique to plaintiff's claim for intentional infliction of emotional distress amounted to mere "conclusory allegations that [pled] the elements of intentional infliction of emotional distress under Illinois law." <u>Id.</u>

Similarly, in <u>Harrington-Grant</u>, the Court found that plaintiff's intentional infliction of emotional distress count simply "reallege[d] the allegations that form[ed] the basis for Plaintiff's Title VII and FMLA claims." No. 01C6344, 2002 WL 47152, at *5. Because plaintiff's intentional infliction of emotional distress claim alleged that the same conduct which formed the basis of her discrimination claims, and was the type of conduct prohibited by the IHRA, her intentional infliction of emotional distress claim was inextricably linked to her claims of discrimination and therefore preempted by the IHRA. <u>See id.</u> ("If there were no claim of ... discrimination, plaintiff would not have a claim for intentional infliction of emotional distress. Thus, her emotional distress claim is inextricably linked to her claim of discrimination..."); <u>see also</u> <u>Haas</u>, No. 01 C 1278, 2001 WL 1609367, *2 (dismissing plaintiff's intentional infliction of emotional distress count which simply re-alleged and incorporated by reference allegations forming basis of discrimination claim and was therefore inextricably linked to his discrimination claims).

Just as in <u>Stansberry</u> and <u>Harrington-Grant</u>, Ms. Roberts' claim for intentional infliction of emotion distress is dependent upon the allegations underlying her Title VII, Age

3

Discrimination in Employment Act and Section 1981 claims. Counts I thru IV allege discrimination on the basis of either race, color, age or sex and thus constitute alleged "civil rights violations" covered by the IHRA.[1] See Compl. ¶¶ 11-27, 28-36, 37-42, 43-50 and 51-58. Count V for intentional infliction of emotional distress simply adopts and incorporates the allegations of discrimination underlying Counts I through IV and, as in Stansberry and Harrington-Grant, adds only conclusory allegations pleading the elements of intentional infliction of emotional distress under Illinois law. See ¶¶ 59-62. Indeed, but for her claims of race, color, sex and age discrimination, Ms. Roberts would not have a claim for intentional infliction of emotional distress. Thus, her emotional distress claim is *inextricably linked* to her claims of discrimination and is therefore preempted by the IHRA. See Stansberry, 264 F. Supp. 2d at 690; Harrington-Grant, No. 01C6344, 2002 WL 47152, *5; Haas, No. 01 C 1278, 2001 WL 1609367, *3.

## II.  Ms. Roberts Has Failed To Sufficiently Allege Extreme And Outrageous Conduct.

To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) conduct that is truly extreme and outrageous; (2) that the defendant either intended his or her conduct to inflict severe emotional distress, or knew that there was a high probability that his or her conduct would cause severe emotional distress; and (3) that the conduct in fact caused severe emotional distress. See McGrath v. Fahey, 126 Ill. 2d 78, 86 (Ill. 1988).

For conduct to be "extreme and outrageous" it must go beyond "mere insults, indignities, threats, annoyances, petty oppressions or trivialities." Public Fin. Corp. v. Davis, 66

---

[1] Under the IHRA a "civil rights violation" occurs when an employee is subjected to adverse employment action on the basis of "unlawful discrimination." See 775 ILCS 5/2-102. "Unlawful discrimination" includes "discrimination against a person because of his or her race, color … age, sex …" See 775 ILCS 5/1-103.

4

Ill. 2d 85, 89-90 (Ill. 1976). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Id.; see, e.g., Pavilion v. Kaferly, 204 Ill. App. 3d 235, 245-46 (1st Dist. 1990) (defendant pressured plaintiff for dates, threatened to kill and rape plaintiff and to challenge custody of her child).

Moreover, in the employment context, courts more strictly evaluate claims for intentional infliction of emotional distress because "if everyday job stresses resulting from discipline, personality conflicts, job transfers or even terminations could give rise to a cause of action for intentional infliction of emotional distress, nearly every employee would have a cause of action." Graham v. Commonwealth Edison Co., 318 Ill. App. 3d 736, 746 (1st Dist. 2000); Gould v. Barrett, No. 99 C 7661, 2002 WL 485342, *7 (N.D. Ill. March 29, 2002) (noting that the extreme and outrageous conduct standard is more strictly applied in the employment context); Piech v. Arthur Anderson & Co., 841 F. Supp. 825, 831 (N.D. Ill. 1994) ("[I]n the employment setting, the conduct complained of must be particularly outrageous.").

Here, Ms. Roberts alleges only that while on vacation, she, an older black female, was demoted and replaced by a younger white male. See Compl. ¶¶ 18, 20, 33, 37, 45, 47, 53, 55, 59. As a matter of law, this routine employment action falls woefully short of "extreme and outrageous" or "beyond all possible bounds of decency." It is well settled under Illinois law that common employment actions, including demotions, do not constitute extreme and outrageous conduct. See Graham, 318 Ill. App. 3d at 747-48 (employer's demotion of plaintiff-employee did not amount to extreme and outrageous conduct and indicating that "job stresses resulting from discipline ... job transfers or even terminations ..." typically do not give rise to claim for intentional infliction of emotional distress); Welsh v. Commonwealth Edison Co., 306 Ill. App.

5

3d 148, 150-56 (1st Dist. 1999) (retaliatory demotion coupled with assignment of demeaning and humiliating tasks such as manually cleaning manholes infested with human waste and denying permission to use equipment designed for such purposes held not extreme and outrageous).

Furthermore, Ms. Roberts' allegations of discrimination do not themselves amount to – or transform her demotion into – extreme and outrageous conduct. Compl. ¶¶ 13, 14. Even where alleged discrimination is actionable, courts have consistently held that such conduct does not support a claim for intentional infliction of emotional distress. See, e.g., Haas, No. 01 C 1278, 2001 WL 1609367, at *3 (claim for emotional distress based on employment discrimination fell "far short" of being extreme and outrageous); Schwartz v. Home Depot U.S.A., Inc., No. 00 C 5282, at *5 (N.D. Ill. Dec. 4, 2000) (pattern of discrimination, failure to promote and retaliation did not constitute extreme and outrageous conduct); Piech, 841 F. Supp. at 831 (allegations of sexual harassment, demeaning work assignments and discrimination for taking disability leave were insufficient to support a claim of intentional infliction of emotional distress).

Finally, conduct that is intuitively significantly *more* "outrageous" than that alleged by Ms. Roberts has been readily dismissed by Illinois courts as not sufficiently extreme and outrageous in the employment context. See e.g., Welsh, 306 Ill. App. 3d at 150 (demotion coupled with demeaning job assignments not extreme and outrageous); Miller v Equitable Life Assurance Soc'y, 181 Ill. App. 3d 954 (Ill. 1989) (affirming dismissal of intentional infliction of emotional distress where plaintiff alleged she was surrounded by supervisors who were

inconsiderate, rude, vulgar and unfair, that an insurance agent touched her breast, that another agent stated that he wanted her, and that a manager suggested she use sex to sell insurance).[2]

Accordingly, because Ms. Roberts has failed to sufficiently allege extreme and outrageous conduct, her claim for intentional infliction of emotional distress should be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

WHEREFORE, for the reasons stated herein and in Defendant's Motion To Dismiss Count V of Plaintiff's Verified Complaint, Defendant Sidley Austin Brown & Wood, LLP, respectfully requests this Honorable Court to dismiss Count V of Plaintiff's Verified Complaint in its entirety with prejudice and grant Defendant such other relief as may be warranted.

---

[2] Ms. Roberts' allegations fall well short of alleging conduct that Illinois courts have found to be extreme and outrageous. See, e.g., Graham, 318 Ill. App. 3d at 747-48 (finding that while demotion was *not* extreme and outrageous conduct, defendant-employer's five-month long sham investigation of plaintiff-employee in which employer interviewed other employees and made knowingly defamatory statements about plaintiff in retaliation for plaintiff's reporting of nuclear safety violations was extreme and outrageous); Pavilon v. Kaferly, 204 Ill. App. 3d 235, 245-46 (1st Dist. 1990) (continued harassment of plaintiff-employee, including offering money in exchange for sex, threatening to rape and kill plaintiff, and threatening to challenge plaintiff's custody of her child); Milton v. Ill. Bell Telephone Co., 101 Ill. App. 3d 75, 79-91 (1st Dist. 1981) (employer demanded that plaintiff-employee illegally falsify work records and persisted to harass and retaliate against him when he refused).

8

Respectfully submitted,

/s/ Christopher J. Boran
One of the Attorneys for Defendant
Sidley Austin Brown & Wood, LLP.

Julie O. Allen
Christopher J. Boran
SIDLEY AUSTIN BROWN & WOOD LLP
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Dated: November 17, 2005

## CERTIFICATE OF SERVICE

I, Christopher J. Boran, one of the attorneys for Defendant Sidley Austin Brown & Wood, LLP, certify that I caused a copy of the foregoing Defendant's Memorandum In Support of Its Motion To Dismiss Count V of Plaintiff's Verified Complaint to be served by Electronic Mail Notice, upon counsel for Plaintiff:

**Paul O. Otubusin**
drotubusin@aol.com

this 17th day of November, 2005.

/s/ Christopher J. Boran